IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

CAMERON R.S.,[1]
    Plaintiff,

    v.                                          Civil Action No. 4:21cv116

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

## MEMORANDUM OPINION

    This is an action seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying the application of Cameron R.S. ("Plaintiff") for disability insurance benefits under the Social Security Act. On June 27, 2022, Magistrate Judge Douglas E. Miller issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment recommending that the Court (1) grant the Commissioner's Motion for Summary Judgment; (2) deny the Plaintiff's Motion for Summary Judgment, and (3) affirm the Commissioner's finding of no disability. ECF No. 16.

    Plaintiff objects to the R&R on three grounds. First, he argues that the administrative law judge ("ALJ") failed to properly evaluate the medical opinion evidence and determine his residual functional capacity ("RFC"). ECF No. 17. Second, Plaintiff contends the ALJ failed to properly evaluate his subjective statements about his medical condition. *Id.* And third, Plaintiff asserts the Magistrate Judge erred in recommending that the Court find evidence submitted to the ALJ after

---

[1]    The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

the ALJ issued his decision was not new or material. *Id.* For the reasons below, the Court will adopt the R&R and overrule Plaintiff's objections.

## I. BACKGROUND

On July 3, 2019, Plaintiff filed an application for disability insurance benefits alleging disability beginning January 9, 2019.[2] R. 231, 401–07. Plaintiff's claim was denied initially and upon reconsideration. R. 231. On July 29, 2020, the ALJ held a hearing in which Plaintiff and a vocational expert testified. R. 127–175. The ALJ determined that Plaintiff was not disabled, and Plaintiff appealed the decision to the Appeals Council. R. 242; 499–501. On November 19, 2020, the Appeals Council remanded the matter for a new hearing, directing the ALJ to consider the statement of James K. Ellis, Ph.D. ("Dr. Ellis"). R. 249, 1351–61. The ALJ conducted the remand hearing on February 22, 2021. R. 59–103. Plaintiff and a vocational expert testified. R. 28. On March 4, 2021, the ALJ issued a decision again finding Plaintiff not disabled and denying benefits. R. 47. The Appeals Council denied Plaintiff's request for review on July 7, 2021, R. 1, rendering the ALJ's decision the final decision of the Commissioner.

On September 10, 2021, Plaintiff filed suit in this Court, appealing the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court referred the matter to a Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and the parties filed cross-motions for summary judgment. Upon review, the Magistrate Judge recommended that the Court (1) grant the Commissioner's Motion for Summary Judgment, (2) deny Plaintiff's Motion for Summary Judgment, and (3) affirm the final decision of the Commissioner. R&R at 36. Plaintiff timely objected to the R&R on June 27, 2022. Pl.'s Objs. Magistrate Judge's R&R ("Obj."), ECF

---

[2] Plaintiff later amended his alleged date of onset to January 17, 2019, at his administrative hearing on July 29, 2020. Administrative Record ("R") 231, ECF No. 6.

2

No. 17. The Commissioner responded to Plaintiff's objections on July 11, 2022. Def.'s Resp. Pl.'s Objs. R&R Magistrate Judge ("Resp."), ECF No. 18.

## II. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part," the Magistrate Judge's recommended disposition. 28 U.S.C.§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

For an objection to trigger *de novo* review, it must be made "with sufficient specificity so as to reasonably alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010). Because "the purpose of magistrate review is to conserve judicial resources," a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (citations omitted).

When conducting a *de novo* review, the Court will uphold an ALJ's Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citing 42 U.S.C. § 405(g) and *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015)). "Substantial evidence is that which 'a reasonable mind might accept as adequate to support a conclusion.'" *Pearson*, 810 F.3d at 207 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Substantial evidence thus requires "more than a mere scintilla of evidence

3

but may be less than a preponderance" of the evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996)). Between these two evidentiary thresholds lies a "zone of choice" wherein the ALJ's decision can go either way without interference by the courts. *See Dunn v. Colvin*, 607 F. App'x 264, 266 (4th Cir. 2015) (quoting *Clarke v. Bowen*, 843 F.2d 271, 272–73 (8th Cir. 1988)). "'In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment' for the ALJ's." *Arakas*, 983 F.3d at 95 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

Although most of Plaintiff's objections restate arguments that were before the Magistrate Judge, the Court reviews each part of the R&R to which Plaintiff has expressly objected *de novo*. To the extent that Plaintiff lodges objections the Court has not ascertained, the Court has reviewed the remainder of the R&R for clear error. *See Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

### III. ANALYSIS

#### A. Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinion Evidence and Residual Functional Capacity Finding

In his first objection, Plaintiff argues generally that the ALJ failed to properly evaluate the medical opinion evidence and determine his RFC. Obj. at 2–9. More specifically, Plaintiff argues the opinions of Mohammed Afzal, D.N.P. ("Dr. Afzal") were improperly considered under the supportability and consistency factors, and that the ALJ erred in rejecting Dr. Afzal's opinions. *Id.* at 2–6. Plaintiff additionally asserts the ALJ erred in rejecting opinions from Dr. Ellis. *Id.* at 6–7. Further, Plaintiff takes issue with the ALJ's RFC finding. *Id.* at 7–9. Having reviewed the record, the Court concurs with the Magistrate Judge for the reasons stated in the R&R and finds that

substantial evidence supported the ALJ's evaluation of the medical opinion evidence and RFC finding.

### 1. Legal Standard

As explained by the Magistrate Judge in the R&R, the Social Security Administration recently revised its rules regarding the evaluation of evidence for claims filed on or after March 27, 2017. 82 Fed. Reg. 5844, 5853–55 (Jan. 18, 2017); *see also* 82 Fed. Reg. 15132 (Mar. 27, 2017). Because Plaintiff filed his disability application in 2019, the new rules, specifically 20 C.F.R. § 404.1520c, govern how the ALJ is required to consider medical opinions. Under these rules, the ALJ must not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). Instead, the ALJ is required to consider a medical opinion's overall "persuasiveness." *Id.* In conducting this analysis, the "most important factors" are "supportability" and "consistency." *Id.* The ALJ must explain how he considered these factors in his analysis. *Id.* "Supportability" means the extent to which a medical source's opinion is supported by relevant "objective medical evidence" and the source's "supporting explanations." *Id.* § 404.1520(c)(1). "Consistency" means the extent to which the opinion is consistent "with the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2). Additional factors include the medical source's relationship with the claimant, specialization, and other factors such as the source's familiarity with other medical evidence and the Social Security Administration's policies and requirements. *Id.* §§ 404.1520c(a), (c). The ALJ may, but is not required to, address how he considered these additional factors in his analysis. *Id.* § 404.1520c(b)(2).

The ALJ's analysis "must build an accurate and logical bridge from the evidence to his conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227

F.3d 863, 872 (7th Cir. 2000)); *see also Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (explaining the "assessment must include a narrative discussion describing how the evidence supports each conclusion" (quoting Social Security Ruling 96–8p)). Additionally, the ALJ must consider "all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

    2. Dr. Afzal's Opinions

        *a. Treatment and Opinions*

Dr. Afzal conducted an initial psychiatric evaluation of Plaintiff in July 2019 and treated Plaintiff approximately once a month from July 2019 through at least June 2020. R. 568, 848, 985, 998, 1322, 1303, 1344. In the initial July 2019 visit, Dr. Afzal's diagnostic impressions were major depressive disorder and post-traumatic stress disorder "by history." R. 574. In September 2019, Dr. Afzal opined in a letter that Plaintiff was "unable to maintain steady employment due to his symptoms" but did not state a basis for the opinion. R. 1113.

Dr. Afzal also completed three Psychiatric/Psychological Impairment Questionnaires ("Questionnaire") in June 2020, September 2020, and February 2021. R. 1303–07; 1395–99; 1695–99. In the first Questionnaire, Dr. Afzal opined that Plaintiff had a range of limitations in understanding and memory, concentration and persistence, social interactions, and adaptation. R. 1306. He also determined that Plaintiff had none-to-mild limitations in understanding and remembering two-step instructions, asking simple questions, or requesting assistance. *Id.* Dr. Afzal opined that Plaintiff's limitations "likely" related back to January 2019, even though Dr. Afzal's initial visit took place several months later in July 2019. R. 1307. In the second Questionnaire, Dr. Afzal noted Plaintiff had moderate difficulty understanding and remembering one-to-two step

6

instructions and continued to have a marked limitation for the ability to complete a workday without interruption from psychological symptoms. R. 1398. In the third Questionnaire, Dr. Afzal opined that Plaintiff's "PTSD symptoms may interfere with work duties" and that he would be absent from work two to three times per month because of his impairments. R. 1699. In the prior two Questionnaires, Dr. Afzal noted that Plaintiff would likely be absent from work more than three times per month. R. 1307, 1399.

### b. Supportability and Consistency

The ALJ rejected Dr. Afzal's opinions as unpersuasive because they were unsupported by his notes and inconsistent with the record as a whole. R. 43. The ALJ found Dr. Afzal's opinions inconsistent with his treatment records because Dr. Afzal (1) never adjusted Plaintiff's medications, recorded stable symptoms, and simultaneously observed that Plaintiff was "worsening, making progress, and presenting with the same symptoms and signs all at once"; (2) referenced symptoms that did not appear in his treatment records; and (3) did not have sufficient information about Plaintiff's prospective work to opine on absences. R. 43. In the ALJ's judgment, Dr. Afzal's "routine and conservative course of treatment" of Plaintiff was at odds with Dr. Afzal's own opinions of Plaintiff's limitations. *Id.*

The Magistrate Judge concluded that the ALJ appropriately considered the supportability factor in his consideration of Dr. Afzal's opinion. R&R at 15–23. First, he explained that the ALJ "found that Afzal's notes were of 'questionable reliability' because [Afzal] made 'incompatible' observations" and that the ALJ "identified a consistent pattern of similar inconsistencies throughout nearly all of [Afzal's] treating records." R&R at 16–17 (citing R. 852–57, 985–90, 1344–49, 1332–37, 1323–28). For example, although Dr. Afzal opined that Plaintiff had many moderate to marked limitations that could frequently interfere with Plaintiff's workday, Dr.

Afzal's treatment notes show Plaintiff remained stable, with similar mental status exams and improvement with medication, despite the fact that Dr. Afzal never adjusted the dosage of Plaintiff's medication. R. 853, 855, 986, 989, 999, 1001, 1270, 1277, 1323, 1326, 1333, 1336, 1345, 1347. Second, the Magistrate Judge highlighted the ALJ's observation that many of Dr. Afzal's opinions and referenced symptoms lack support in the treatment record. R&R at 18–19. In each Questionnaire, Dr. Afzal opined that Plaintiff suffered from suicidal ideation, but Dr. Afzal's own treatment notes document that Plaintiff routinely denied suicidal ideation in office visits. *Compare* R. 1304, 1396, 1696 *with* R. 853, 986, 1327, 1333, 1345. Third, the Magistrate Judge reviewed the ALJ's discounting of Dr. Afzal's opinion regarding Plaintiff's anticipated absences from work, noting that Dr. Afzal's opinion was "difficult to credit" given that Plaintiff was "treated conservatively with medication and his mental impairments were stable." R&R at 20 (internal quotation marks and citation omitted). Fourth, the Magistrate Judge explained that case law cited by Plaintiff regarding psychiatric impairments was unavailing given that the ALJ discounted Dr. Afzal's opinions because of discrepancies in the medical expert's own records rather than his methodology or lack of substantial documentation. R&R at 21–22.

Plaintiff's objection alleges that the ALJ erred in applying the consistency and supportability factors when considering Dr. Afzal's opinion. Plaintiff asserts the ALJ "ignore[d] the supportability factor" and erred in concluding that Dr. Afzal's opinion was not consistent with other evidence. Obj. at 3. As to supportability, Plaintiff argues that the Magistrate Judge dismisses evidence of supportability (Dr. Afzal's "cit[ation] to numerous abnormal findings") and improperly focuses instead on the ALJ's identification of "evidence that impacts the consistency of the opinions." Obj. at 2–3. Plaintiff seems to argue that because the Magistrate Judge's review

8

included discussion of Dr. Afzal's "inconsistent treatment records," R&R at 16, the supportability factor was ignored in favor of the consistency factor.

Having reviewed the R&R, the Court finds no error in the Magistrate Judge's application of the appropriate rule. The Magistrate Judge correctly identified and described the regulation applicable to opinion evidence, 20 C.F.R. § 404.1520c. R&R at 14–15, 14 n.5. Thereafter, the Magistrate Judge thoroughly considered both the supportability and consistency factors, dedicating multiple pages to each factor. *See* R&R at 15–23 (supportability); 23–25 (consistency). Contrary to Plaintiff's argument, the Magistrate Judge did not "dismiss" evidence supporting Dr. Afzal's opinions, explicitly citing to the fact that Plaintiff had identified "numerous facts that would support an alternative finding" and noting the record citations for that evidence. R&R at 15. The Magistrate Judge correctly noted, however, that, rather than reweigh conflicting evidence, "the court must defer to the ALJ's findings if supported by substantial evidence." *Id.*; *see also Carr v. Berryhill*, No. 6:16cv10, 2017 WL 4127662, at *5 (W.D. Va. Sept. 18, 2017) ("Plaintiff's objections in effect ask this Court to re-examine the evidence and reach a different conclusion . . . [h]owever, the Court must give great deference to the ALJ's credibility determinations and resolutions of conflicts in the evidence." (citation omitted)). The Magistrate Judge then proceeded to consider whether substantial evidence existed supporting the ALJ's conclusion that Dr. Afzal's opinion was inconsistent with the evidence. No error occurred in the Magistrate Judge's thorough analysis.

The Court also finds the ALJ adequately addressed the supportability and consistency factors when considering the persuasiveness of Dr. Afzal's opinions. As discussed, an opinion's "[s]upportability" is based on the "supporting explanations" and "objective medical evidence" presented by the medical source in support of his or her opinion. *See* 20 CFR §§ 404.1520c(c)(1).

An ALJ must provide analysis of the supportability factor sufficient to allow "a reviewing court to trace the path of [his] reasoning." 82 Fed. Reg. 5844, 5858.

Regarding "supporting explanations," the ALJ reviewed Dr. Afzal's opinions in the Questionnaires and in his September 2019 letter and determined the opinions were "not supported by [Dr. Afzal's] treatment notes or consistent with the routine and conservative course of treatment he has overseen." R. 43. The ALJ found Dr. Afzal's "treatment notes" to be of "questionable reliability," given that they indicated Plaintiff was "worsening, making progress, and presenting with the same symptoms and signs all at once." R. 43; *see also* R. 1303–07, 1395–99, 1695–99. As for consideration of "objective medical evidence," 20 CFR §§ 404.1520c(c)(1), the ALJ provided specific examples of symptoms referenced in Dr. Afzal's opinions but absent from his treatment records. R. 43 (*e.g.*, impaired memory, impaired concentration, suicidal ideation). Likewise, the ALJ referred to Dr. Afzal's treatment records documenting Plaintiff's stable condition, similar mental status exams from visit to visit, and improvement with medication as inconsistent with opinions finding that Plaintiff could not maintain steady employment or would be absent from work two to three times a month because of his impairments. R. 38, 43; *see also* R. 853, 986, 989, 999, 1277, 1323, 1326, 1336, 1347. The Court finds the ALJ's explanation of the supportability factor sufficient to allow a reviewing court to "trace the path" of the ALJ's reasoning and conduct a substantial evidence review. 82 Fed. Reg. at 5858.

Here, the ALJ's evaluation of the supportability and consistency factors are also supported by substantial evidence. As explained by the Magistrate Judge, the reasons the ALJ found Dr. Afzal's opinion inconsistent with the evidence are substantially supported by the record. R&R at 16–21 (detailing substantial evidence in the record for the ALJ's observations regarding inconsistent treatment records, missing evidence of symptoms, and Dr. Afzal's opinion about

absences). The ALJ further determined that Dr. Afzal's opinions were not only inconsistent with and unsupported by his own treatment records but were also inconsistent with Plaintiff's overall medical treatment. R&R at 23–24 (noting, among other things, that other healthcare providers did not observe the same symptoms as Dr. Afzal). After reviewing the record, the Court finds that substantial evidence in the record supports the ALJ's evaluation of Dr. Afzal's opinions.

    c. *Consideration of Plaintiff's Treatment*

Plaintiff also asserts that the ALJ erred in rejecting Dr. Afzal's opinions because the ALJ considered Plaintiff's treatment "conservative" and, to some extent, found it significant that Plaintiff did not require psychiatric hospitalization. Obj. at 5–6. Plaintiff cites *Lewis v. Berryhill* to argue the ALJ was improperly "playing doctor" when he characterized Plaintiff's treatment as conservative and used that characterization to discount Dr. Afzal's opinions. 858 F.3d at 869. As the Magistrate Judge properly noted, while the ALJ "did indicate potential treatment changes Afzal could have ordered—such as therapy, inpatient admission, or medication adjustment—the thrust of his opinion is that Afzal maintained the same course of treatment." R&R at 20 (citing R. 43). The ALJ concluded this course of treatment was inconsistent with Dr. Afzal's opinions regarding the severity of Plaintiff's symptoms. R. 43. The ALJ's analysis distinguishes this case from *Lewis*, where the ALJ "mischaracterized [claimant's] treatment record as 'conservative'" when the record demonstrated extensive treatment, including "multiple surgeries." 858 F.3d at 868–69. Moreover, the Court concurs with the Magistrate Judge's observation that:

> An ALJ can consider "any factors . . . which tend to support or contradict the medical opinion." 20 C.F.R. § 416.927(c)(6). The absence of other treatment, such as "therapy or inpatient admission," is another example that Plaintiff's mental health symptoms were treated more conservatively than would be expected for the severity he is claiming, and that his mental symptoms were controlled. R. 43.

11

R&R at 20 n.7; *see also Dunn*, 607 F. App'x at 267 ("An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or failed to give a sufficient reason for the weight afforded a particular opinion" (citations omitted)). The ALJ considered and analyzed the relevant evidence, and his decision regarding the weight of Dr. Afzal's opinions is supported by substantial evidence.

### 3. Dr. Ellis's Opinion

Plaintiff's objection also briefly touches on the ALJ's and Magistrate Judge's consideration of an opinion provided by Dr. Ellis. Obj. at 6–7. As with his argument regarding the ALJ's consideration of Dr. Afzal's opinion, Plaintiff argues that Dr. Ellis identified evidence supporting his opinion and asserts that such evidence should have been considered by the ALJ because it is "clearly relevant" to supportability and "relevant" to consistency. *Id.* at 7. For the reasons stated above and having reviewed the record and the R&R, the Court finds no error in the Magistrate Judge's analysis or conclusions.

Plaintiff also asserts the ALJ erred in rejecting opinions from Dr. Ellis "because [the ALJ] concluded that there was insufficient objective support" for Dr. Ellis's opinions. *Id.* at 6–7. But this argument misconstrues the ALJ's opinion, which actually found that Dr. Ellis's own objective findings and other evidence contradicted Dr. Ellis's opinions. R. 44 ("Dr. Ellis supports his opinion by noting symptoms of easy distractibility, difficulty thinking, and poor recent memory [but] Dr. Ellis's objective examination documented good attention and concentration, logical and linear thoughts, [and] good impulse control . . . [the] examination did not document any impairment of memory."). As the Magistrate Judge properly explained, such evidence is sufficient to support the

12

ALJ's conclusions on supportability and consistency. R&R at 25–27. The Court finds the ALJ's evaluation of Dr. Ellis's medical opinion is supported by substantial evidence.

### 4. RFC Finding

Finally, Plaintiff argues that the Magistrate Judge erred in finding "no error in the RFC determination since he alleges that statements about whether a claimant is limited or not limited can never be found persuasive." Obj. at 7. This argument misconstrues the Magistrate Judge's R&R. In the R&R, the Magistrate Judge correctly explained, "the new regulations preserve the rule that an opinion about whether a claimant is disabled is reserved to the Commissioner." R&R at 34. Further, the Magistrate Judge stated, "the regulations prohibit considering statements that a claimant <u>can</u> perform work, as well as statements that a claimant cannot . . . [t]hus, an opinion specific to Plaintiff's RFC and capacity to work was not required, nor would it have been persuasive if given." *Id.* (emphasis in original). The Magistrate Judge properly set forth and applied the law regarding opinion evidence, and the Court finds no error.[3]

### B. Substantial Evidence Supports the ALJ's Evaluation of Plaintiff's Subjective Complaints

For his second objection, Plaintiff contends the ALJ failed to properly evaluate Plaintiff's subjective statements and objects to the Magistrate Judge's conclusion that substantial evidence supports the ALJ's evaluation. Obj. at 9. Plaintiff argues the Magistrate Judge erred in finding "the ALJ properly discounted Plaintiff's allegations because . . . they conflict with [Plaintiff's] 'conservative treatment.'" *Id.* According to Plaintiff, the Magistrate Judge failed to address the

---

[3] Plaintiff relies on this mischaracterization to argue the ALJ's RFC finding is not properly supported. Obj. at 7–8. Having reviewed the objection (which is identical to the argument set forth in Plaintiff's Memorandum in Support of Summary Judgment at 20, ECF No. 12), the Magistrate Judge's R&R, and the record, the Court finds no clear error with respect to the ALJ's RFC determination and finds that the Magistrate Judge applied the proper standards in reviewing this finding.

ALJ's improper "lay interpretation of what type of treatment is appropriate." *Id*. Plaintiff further objects to the Magistrate Judge's finding that "the ALJ did not err by rejecting [Plaintiff's] statements because there was evidence of some non-compliance with treatment, holding any error in making this finding was harmless since the ALJ also gave an appropriate reason—course of treatment—for discounting Plaintiff's allegations." *Id*. Plaintiff's basis for this objection is the same—the ALJ's alleged improper "interpretation of appropriate treatment." *Id*.

The Court finds the Magistrate Judge correctly concluded that substantial evidence supports the ALJ's determination of Plaintiff's subjective complaints. The United States Court of Appeals for the Fourth Circuit considered the proper evaluation of a disability claimant's subjective complaints in *Arakas,* 983 F.3d 83 (4th Cir. 2020). There, the ALJ improperly discredited the claimant's subjective complaints by "(1) selectively citing evidence from the record as well as misstating and mischaracterizing material facts; (2) finding the [claimant's] complaints to be inconsistent with her daily activities; and (3) failing to consider fibromyalgia's unique characteristics when reviewing [claimant's] medical records." *Id*. at 98. The Fourth Circuit emphasized that the ALJ "may not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Id*. at 95 (quoting Social Security Ruling 16-3p, 2016 WL 1119029, at *5). That is not what occurred here. As the Magistrate Judge points out, Plaintiff's case involves mental impairments, not fibromyalgia, and the ALJ did not disregard Plaintiff's statements but acknowledged his complaints of "social withdrawal and hypervigilance around people, his difficulty concentrating due to intrusive thoughts, and his lack of motivation to do even basic daily tasks due to his depressed moods." R&R at 27 (citing R. 37).

Nevertheless, Plaintiff objects that the ALJ erred in discounting his symptoms in part because they were inconsistent with his "conservative" treatment. Plaintiff argues, as he did in his objections discussed above and in his summary judgment briefing, that such a conclusion required the ALJ to conduct a "lay interpretation of what type of treatment is appropriate." Obj. at 9. The Magistrate Judge properly concluded that the ALJ could consider Plaintiff's failure to seek alternative, additional, or increased treatment as evidence that his symptoms are not as severe as alleged. R&R at 28–29 (citing R. 37). Plaintiff saw one provider, Dr. Afzal, for medication management once a month. R&R at 29 (citing R. 1303). In his appointments with Dr. Afzal, Plaintiff reported consistent and unchanging levels of depression and anxiety, but he did not request referrals or seek increased dosages of medication. *Id.* (citing R. 852, 986, 1280, 1323, 1344). Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints.

Plaintiff also objects to the Magistrate Judge and the ALJ's consideration of Plaintiff's non-compliance with medication prior to the alleged onset date. Obj. at 9. Specifically, the ALJ observed that in 2018, pharmacy records showed missed prescription refills, but Plaintiff asserted he was compliant with medication. R. 37. Plaintiff appears to argue that the Magistrate Judge improperly considered this harmless error, since Plaintiff asserts that the ALJ rejected Plaintiff's subjective statements on this basis. Obj. at 9. As an initial matter, and as the Magistrate Judge observed, the ALJ did not explicitly indicate whether he credited the evidence of non-compliance. R&R at 29–30 (citing R. 37). But regardless, the Magistrate Judge concluded that even "omitting this dispute would not have altered the outcome whatsoever" because "[t]he ALJ in this case had sufficient alternate reasons . . . for discounting Plaintiff's subjective symptoms." *Id.* at 30. The Court finds the ALJ applied the correct legal standard and that substantial evidence supports his evaluation of Plaintiff's subjective complaints.

**C. The Appeals Council Properly Found that Evidence Produced After the ALJ Hearing Was Not New or Material**

Plaintiff's third objection relates to Plaintiff's argument that the Appeals Council erred by failing to consider evidence (a May 2021 letter from Dr. Ellis) produced after the ALJ hearing. Obj. at 10. The Magistrate Judge agreed with the Appeals Council's decision to decline to review the evidence, explaining that "the letter is duplicative of material already in the record, and Plaintiff could have reasonably obtained Ellis's opinion before the ALJ hearing." R&R at 30. Plaintiff objects, arguing that the Magistrate Judge's finding that the evidence was not new or material was in error. Plaintiff argues that the "report specifically rebuts the ALJ's lay speculation" and cannot be duplicative because by its nature "rebuttal evidence" follows rather than precedes the opinion it rebuts. Obj. at 10.

The report in question is dated May 26, 2021, three months after the Plaintiff's latest administrative hearing and more than two months after the ALJ's decision on remand finding Plaintiff not disabled. R. 8. In the letter, Dr. Ellis "reiterate[s] [his] initial assessment" of Plaintiff's limitations, which Dr. Ellis opined "preclude him from performing any meaningful work." *Id.* Dr. Ellis was prompted to write the May 2021 letter because "[i]t is my understanding that my assessment was rejected—in part—because I noted that [Plaintiff] suffered from recurrent panic attacks, yet none were explicitly mentioned in the report." *Id.* Dr. Ellis examined Plaintiff once, in July 2020, and did not reexamine him in connection with the May 2021 letter. *Id.*; R. 1352–60. Instead, to write the May 2021 letter, Dr. Ellis reviewed his previous report and the record, both of which were already available to and had been considered by the ALJ. R. 8. This included evidence of the panic attacks, which, as Dr. Ellis acknowledges, were referenced in pre-existing Veterans Affairs Medical Center treatment notes. *Id.*

The Appeals Council will consider additional evidence only when it is (1) new, *i.e.*, not "duplicative or cumulative;" (2) material; and (3) relevant to the period on or before the date of the ALJ's hearing decision. *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (citation omitted). If the evidence submitted to the Appeals Council meets these requirements, the court "must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). Here, the Court need not do so, as the Appeals Council properly determined the May 2021 letter was not new or material.

The Magistrate Judge found the May 2021 letter was "cumulative" and constituted a "reiterated or clarified opinion," which was "not helpful or new." R&R at 31. Moreover, the information contained in the May 2021 letter was available to Plaintiff before the administrative hearing, and Plaintiff requested the letter only in response to the ALJ's decision. *Id.* This Court readily concurs with the Magistrate Judge that Dr. Ellis's May 2021 letter was not new. *See Wilson v. Colvin*, No. 2:14cv555, 2015 WL 5561145, at *14 (E.D. Va. Sept. 17, 2015) (duplicative and cumulative letter from physician was not new evidence of plaintiff's impairments).

The Magistrate Judge also concluded the May 2021 letter is not material because it is not reasonably probable that it would have changed the outcome of the proceedings. R&R at 33. Plaintiff submits that accepting the Magistrate Judge's recommendation on this point "would empower lay ALJs to substitute their opinions of medical data for the opinions from a trained specialist such as Dr. Ellis." Obj. at 10. But the information Dr. Ellis consulted to write the May 2021 letter was already part of the record before the ALJ, and Dr. Ellis had already provided an opinion that was part of the record. R&R at 33; R. 1352–60. As the Magistrate Judge succinctly noted, "pointing to records that the ALJ had already observed does not make Ellis's opinion likely

to have caused a different result." R&R at 33. Upon review of the record, this Court agrees, and finds that the Appeals Council properly found that the May 2021 letter was not new or material.

### IV. CONCLUSION

The Court will overrule Plaintiff's objections to the R&R, grant the Commissioner's Motion for Summary Judgment, and deny Plaintiff's Motion for Summary Judgment. Accordingly, the Court will adopt the Magistrate Judge's R&R and affirm the Commissioner's final decision.

An appropriate order shall issue.

/s/
Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: March 31, 2023